1  Counsel Are Listed On Signature Page

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9

10                        NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Chabot and Brenda Chabot, <br><br> Plaintiffs, <br><br> v. <br> CitiMortgage, Inc., a New York corporation; <br> Experian Information Solutions, Inc., a Ohio corporation; <br> Equifax Information Services LLC, a Georgia limited liability company; and <br> Trans Union LLC <br><br><br> Defendants. | Case No. 3:15-cv-01244-EMC <br><br><br> [STIPULATED] <br> PROTECTIVE ORDER |

20  1.      PURPOSES AND LIMITATIONS

21          Disclosure and discovery activity in this action are likely to involve production of

22  confidential, proprietary, or private information for which special protection from public disclosure

23  and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

24  the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

25  Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

26  or responses to discovery and that the protection it affords from public disclosure and use extends

27  only to the limited information or items that are entitled to confidential treatment under the

28  applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that

1    this Stipulated Protective Order does not entitle them to file confidential information under seal and

2    that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that

3    will be applied when a party seeks permission from the court to file material under seal.

4    2.      DEFINITIONS

5           2.1     Challenging Party:   a Party or Non-Party that challenges the designation of

6                   information or items under this Order.

7           2.2     "CONFIDENTIAL" Information or Items:   information (regardless of how it is

8    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

9    Civil Procedure 26(c).2.3     Counsel (without qualifier):   Outside Counsel of Record and House

10   Counsel (as well as their support staff).

11          2.4     Designating Party:  a Party or Non-Party that designates information or items that it

12   produces in disclosures or in responses to discovery as "CONFIDENTIAL or "HIGHLY

13   CONFIDENTIAL – ATTORNEYS' EYES ONLY"."

14          2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium

15   or manner in which it is generated, stored, or maintained (including, among other things, testimony,

16   transcripts, and tangible things), that are produced or generated in disclosures or responses to

17   discovery in this matter.

18          2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to

19   the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

20   consultant in this action.

21          2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

22   extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party

23   would create a substantial risk of serious harm that could not be avoided by less restrictive means.

24          2.8     House Counsel:   attorneys who are employees of a party to this action. House

25   Counsel does not include Outside Counsel of Record or any other outside counsel.

26          2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal

27   entity not named as a Party to this action.2.10     NPPI:

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

2

1    (a)  "Nonpublic personal information," as defined in Title V of the Gramm-Leach-Bliley

2  Act, 15 U.S.C. §§ 6801-6809 and in any and all regulations promulgated pursuant to Title V of the

3  Gramm-Leach-Bliley Act, including but not limited to 16 C.F.R. Parts 313, 314, and 332 and 12

4  C.F.R Part 364; and

5    (b)  Any information covered by state and federal laws and regulations protecting the

6  privacy and security of personal information, including but not limited to the California Financial

7  Information Privacy Act, Cal. Fin. Code § 4050 *et seq.*

8    2.11   Outside Counsel of Record:  attorneys who are not employees of a party to this action

9  but are retained to represent or advise a party to this action and have appeared in this action on

10  behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

11    2.12   Party:  any party to this action, including all of its officers, directors, employees,

12  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

13    2.13-   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

14  Material in this action.

15    2.14   Professional Vendors:  persons or entities that provide litigation support services

16  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

17  storing, or retrieving data in any form or medium) and their employees and subcontractors.

18    2.15   Protected Material:  any Disclosure or Discovery Material that is designated as

19  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20    2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

21  Producing Party.

22  3.    SCOPE

23    The protections conferred by this Stipulation and Order cover not only Protected Material

24  (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

25  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

26  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

27  However, the protections conferred by this Stipulation and Order do not cover the following

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order
3

1   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

2   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

3   publication not involving a violation of this Order, including becoming part of the public record

4   through trial or otherwise; and (b) any information known to the Receiving Party prior to the

5   disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

6   information lawfully and under no obligation of confidentiality to the Designating Party. Any use

7   of Protected Material at trial shall be governed by a separate agreement or order.

8   4.       DURATION

9           Even after final disposition of this litigation, the confidentiality obligations imposed by this

10  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

11  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

12  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

13  and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the

14  time limits for filing any motions or applications for extension of time pursuant to applicable law.

15  5.       DESIGNATING PROTECTED MATERIAL

16          5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or

17  Non-Party that designates information or items for protection under this Order must take care to

18  limit any such designation to specific material that qualifies under the appropriate standards. The

19  Designating Party must designate for protection only those parts of material, documents, items, or

20  oral or written communications that qualify – so that other portions of the material, documents,

21  items, or communications for which protection is not warranted are not swept unjustifiably within

22  the ambit of this Order.

23          Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

24  to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

25  encumber or retard the case development process or to impose unnecessary expenses and burdens

26  on other parties) expose the Designating Party to sanctions.

27  If it comes to a Designating Party's attention that information or items that it designated for

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

1    protection do not qualify for protection, that Designating Party must promptly notify all other Parties

2    that it is withdrawing the mistaken designation.

3         5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

4    (see, *e.g*., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

5    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

6    designated before the material is disclosed or produced.

7         Designation in conformity with this Order requires:

8         (a)   for information in documentary form (e.g., paper or electronic documents, but

9    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

10   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

11   to each page that contains protected material. If only a portion or portions of the material on a page

12   qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*.,

13   by making appropriate markings in the margins).

14        A Party or Non-Party that makes original documents or materials available for inspection

15   need not designate them for protection until after the inspecting Party has indicated which material

16   it would like copied and produced. During the inspection and before the designation, all of the

17   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

18   EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced,

19   the Producing Party must determine which documents, or portions thereof, qualify for protection

20   under this Order. Then, before producing the specified documents, the Producing Party must affix

21   the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY") to each page that contains Protected Material. If only a portion or portions of the material

23   on a page qualifies for protection, the Producing Party also must clearly identify the protected

24   portion(s) (e.g., by making appropriate markings in the margins).

25        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

26   Designating Party identify on the record, before the close of the deposition, hearing or other

27   proceeding, specify the level of protection being asserted. When it is impractical to identify separately each

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

1   portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may

2   qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or

3   other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony

4   as to which protection is sought and to specify the level of protection being asserted. Only those portions of

5   the testimony that are appropriately designated for protection within the 21 days shall be covered by the

6   provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the

7   deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be

8   treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

10   proceeding to include Protected Material so that the other parties can ensure that only authorized individuals

11   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

12   proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation

13   as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

14         Transcripts containing Protected Material shall have an obvious legend on the title page that the

15   transcript contains Protected Material, and the title page shall be followed by a list of all pages (including

16   line numbers as appropriate) that have been designated as Protected Material and the level of protection being

17   asserted by the Designating Party. The Designating Party shall inform the court reporter of these

18   requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall

19   be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

20   EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall

21   be treated only as actually designated.

22         (c)   for information produced in some form other than documentary and for any other

23   tangible items, that the Producing Party affix in a prominent place on the exterior of the container

24   or containers in which the information or item is stored the legend "CONFIDENTIAL or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or

26   item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

27   portion(s).

28

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

1   Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

2   initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

3   will not resolve their dispute, whichever is later. Each such motion must be accompanied by a

4   competent declaration affirming that the movant has complied with the meet and confer

5   requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

6   motion including the required declaration within 21 days (or 14 days, if applicable) shall

7   automatically waive the confidentiality designation for each challenged designation. In addition, the

8   Challenging Party may file a motion challenging a confidentiality designation at any time if there is

9   good cause for doing so, including a challenge to the designation of a deposition transcript or any

10  portions thereof. Any motion brought pursuant to this provision must be accompanied by a

11  competent declaration affirming that the movant has complied with the meet and confer

12  requirements imposed by the preceding paragraph.

13          The burden of persuasion in any such challenge proceeding shall be on the Designating

14  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

15  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

16  Unless the Designating Party has waived the confidentiality designation by failing to file a motion

17  to retain confidentiality as described above, all parties shall continue to afford the material in

18  question the level of protection to which it is entitled under the Producing Party's designation until

19  the court rules on the challenge.

20  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

21          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

22  produced by another Party or by a Non-Party in connection with this case only for prosecuting,

23  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

24  the categories of persons and under the conditions described in this Order. When the litigation has

25  been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

26  DISPOSITION).

27          Protected Material must be stored and maintained by a Receiving Party at a location and in

28
        *Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

1  a secure manner that ensures that access is limited to the persons authorized under this Order.

2  　　　7.2　　Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

3  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

4  information or item designated "CONFIDENTIAL" only to:

5  　　　(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

6  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

7  for this litigation and who have signed the;

8  　　　(b)  the officers, directors, and employees (including House Counsel) of the Receiving

9  Party to whom disclosure is reasonably necessary for this litigation;

10  　　　(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

11  reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement

12  to Be Bound" (Exhibit A);

13  　　　(d)  the court and its personnel;

14  　　　(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

15  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

16  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17  　　　(f)  during their depositions, witnesses in the action to whom disclosure is reasonably

18  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

19  unless otherwise covered in subparagraphs 7.2(a)-(e) or agreed by the Designating Party or ordered

20  by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

21  Protected Material must be separately bound by the court reporter and may not be disclosed to

22  anyone except as permitted under this Stipulated Protective Order.

23  　　　(g)  the author or recipient of a document containing the information or a custodian or

24  other person who otherwise possessed or knew the information.

25  　　　7.3　　Disclosure of "CONFIDENTIAL" Information produced by Defendants that

26  contains NPPI.

27  　　　(a)  Plaintiffs hereby consent that Defendants may produce Confidential Information

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

9

1  containing NPPI of any Plaintiff to any Plaintiff and to counsel for Plaintiffs.

2  (b) In no event shall any Receiving Party disclose the NPPI of any Plaintiff contained

3  in any Confidential Information to any Non-Party, save as permitted under Title V of the Gramm-

4  Leach-Bliley Act, §§ 6801-6809, and its implementing regulations;

5  (c) Defendants shall not be liable for any disclosure by any Party other than Defendants

6  or by any Non-Party of Confidential Information produced in this matter containing NPPI;

7  (d) Any production by Defendants of Confidential Information containing NPPI of any

8  Plaintiff to any Plaintiff is a permissible disclosure under Title V of the Gramm-Leach-Bliley Act,

9  including pursuant to 15 U.S.C. § 6802(e)(2) and 15 U.S.C. § 6802(e)(3)(E).

10  (e) Any production by Defendants of Confidential Information containing NPPI of any

11  Plaintiff to any Plaintiff is a permissible disclosure under Cal. Fin. Code § 4056(b)(2) and Cal. Fin.

12  Code § 4056(b)(3)(E).

13  7.4  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14  Information or Items. Unless otherwise ordered by the court or permitted in writing by the

15  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

17  (a) the Receiving Party's Outside Counsel of Record in this action, as well as

18  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

19  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

20  Bound" that is attached hereto as Exhibit A;

21  (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary

22  for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"

23  (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been

24  followed];

25  (c) the court and its personnel;

26  (d) court reporters and their staff, professional jury or trial consultants, and

27  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

28

1    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

2              (e) the author or recipient of a document containing the information or a custodian

3    or other person who otherwise possessed or knew the information.

4          7.5  Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL

5    – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

6              (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

7    Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

8    item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

9    pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1)

10   sets forth the full name of the Designated House Counsel and the city and state of his or her

11   residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

12   future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

13   involved, or may become involved, in any competitive decision-making.

14             (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

15   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

16   information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

17   EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating

18   Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

19   EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2)

20   sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

21   attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

22   identifies each person or entity from whom the Expert has received compensation or funding for

23   work in his or her areas of expertise or to whom the expert has provided professional services,

24   including in connection with a litigation, at any time during the preceding five years, and (6)

25   identifies (by name and number of the case, filing date, and location of court) any litigation in

26   connection with which the Expert has offered expert testimony, including through a declaration,

27   report, or testimony at a deposition or trial, during the preceding five years.

28

1   (b) A Party that makes a request and provides the information specified in the

2   preceding respective paragraphs may disclose the subject Protected Material to the identified

3   Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

4   receives a written objection from the Designating Party. Any such objection must set forth in detail the

5   grounds on which it is based.

6   (c) A Party that receives a timely written objection must meet and confer with the

7   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

8   agreement within seven days of the written objection. If no agreement is reached, the Party

9   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

10   provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order

11   62, if applicable) seeking permission from the court to do so. Any such motion must describe the

12   circumstances with specificity, set forth in detail the reasons why the disclosure to Designated

13   House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure

14   would entail, and suggest any additional means that could be used to reduce that risk. In addition,

15   any such motion must be accompanied by a competent declaration describing the parties' efforts to

16   resolve the matter by agreement (i.e., the extent and the content of the meet and confer

17   discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

18   approve the disclosure.

19   In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

20   Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

21   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

22   Material to its Designated House Counsel or Expert.

23   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

24   LITIGATION

25   If a Party is served with a subpoena or a court order issued in other litigation that compels

26   disclosure of any information or items designated in this action as "CONFIDENTIAL or "HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY"" that Party must:

28

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order

1  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

2  information requested; and

3          (3)  make the information requested available for inspection by the Non-Party.

4        (c)  If the Non-Party fails to object or seek a protective order from this court within 14

5  days of receiving the notice and accompanying information, the Receiving Party may produce the

6  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

7  seeks a protective order, the Receiving Party shall not produce any information in its possession or

8  control that is subject to the confidentiality agreement with the Non-Party before a determination

9  by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

10  of seeking protection in this court of its Protected Material.

11  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

13  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

14  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

15  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

16  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

17  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

18  Be Bound" that is attached hereto as Exhibit A.

19  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

20  MATERIAL

21        When a Producing Party gives notice to Receiving Parties that certain inadvertently

22  produced material is subject to a claim of privilege or other protection, the obligations of the

23  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

24  is not intended to modify whatever procedure may be established in an e-discovery order that

25  provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d)

26  and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

27  information covered by the attorney-client privilege or work product protection, the parties may

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

14

1   incorporate their agreement in the stipulated protective order submitted to the court.

2   12.      UNAUTHORIZED OR INADVERTENT DISCLOSURE TO NPPI IN "CONFIDENTIAL"

3   INFORMATION.

4           If an inadvertent or unauthorized disclosure of NPPI in Confidential Information produced

5   by Defendants should occur, the person(s) from whose possession, custody or control the inadvertent

6   or unauthorized disclosure occurred shall immediately inform Defendants of all pertinent facts

7   relating to the disclosure and the nature and extent of the NPPI involved.   Defendants shall

8   determine, within Defendants' sole discretion, whether notification of law enforcement or

9   regulatory authorities is appropriate.

10   13.      MISCELLANEOUS

11          13.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek

12   its modification by the court in the future, and nothing in this Protective Order shall be construed to

13   prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may

14   be appropriate.

15          13.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order

16   no Party waives any right it otherwise would have to object to disclosing or producing any

17   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

18   Party waives any right to object on any ground to use in evidence of any of the material covered by

19   this Protective Order.

20          13.3     Filing Protected Material. Without written permission from the Designating Party or

21   a court order secured after appropriate notice to all interested persons, a Party may not file in the

22   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

23   Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal

24   pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant

25   to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected

26   Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under

27   the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

15

1    Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public

2    record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

3         13.4    Waiver.  No action taken in accordance with this Protective Order shall be construed

4    as a waiver of any claim or defense in the action or of any position as to discoverability or

5    admissibility of evidence.  Neither the entry of this Order nor the designation of any information as

6    "Confidential," nor the failure to make such designation, shall constitute evidence with respect to

7    any issue in this action.

8         13.5    The Court retains the right to allow disclosure of any subject covered by this

9    stipulation or to modify this stipulation at any time in the interest of justice.

10   14.    FINAL DISPOSITION

11        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

12   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

13   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

15   the Protected Material is returned or destroyed, the Receiving Party must submit a written

16   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

17   by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

18   that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies,

19   abstracts, compilations, summaries or any other format reproducing or capturing any of the

20   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy

21   of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

22   correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

23   and expert work product, even if such materials contain Protected Material. Any such archival

24   copies that contain or constitute Protected Material remain subject to this Protective Order as set

25   forth in Section 4 (DURATION).

26   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

27

28

*Chabot v CitiMortgage et al,* No. 3:15-cv-01244 EMC– Protective Order

16

| Dated: July 31, 2015 | /s/ Mark F Anderson<br>Mark F. Anderson<br>Anderson, Ogilvie & Brewer, LLP<br>Attorney for Plaintiffs |
| --- | --- |
| Dated: July 31, 2015 | /s/ Kerry C. Fowler<br>JONES DAY<br>Attorneys for Defendant Experian Information Solutions, Inc. |
| Dated: July 31, 2015 | /s/ Thomas P. Quinn<br>NOKES & QUINN<br>Attorneys for Defendant Equifax Information Services, LLC |
| Dated: July 31, 2015 | /s/ Steven E. Rich<br>MAYER BROWN LLP<br>Attorneys for Defendant CitiMortgage, Inc. |
| Dated: July 31, 2015 | /s/ Justin T. Walton<br>SCHUCKIT & ASSOCIATES, PC<br>Attorneys for Defendant Trans Union LLC |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August ___, 2015.
3

IT IS SO ORDERED

Judge Edward M. Chen

_____
Judge of the United States

**FILER ATTESTATION**

Pursuant to Civil Local Rule 5.1(i)(3), I, Mark Anderson attest under penalty of perjury under the laws of the United States that concurrence in the filing of this document has been obtained from all of the signatories.

Dated: July 31, 2015.                    /s/ Mark F. Anderson
                                         Mark F. Anderson

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____